# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nancy Mastrome,       :
     Petitioner   :
            :
    v.       :  No. 1387 C.D. 2021
            :
City of Philadelphia    :  Submitted: June 10, 2022
(Workers' Compensation   :
Appeal Board)      :
     Respondent

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE STACY WALLACE, Judge

***<u>OPINION NOT REPORTED</u>***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH      FILED: July 11, 2023

   Nancy Mastrome (Claimant) petitions for review of the November 16, 2021 Order of the Workers' Compensation Appeal Board (Board) affirming the February 2, 2021 Decision and Order of the Workers' Compensation Judge (WCJ) that granted Claimant's reinstatement petition. The WCJ reinstated Claimant's benefits to temporary total disability (TTD) status from temporary partial disability (TPD) status effective July 13, 2019, the date the reinstatement petition was filed. Claimant argues that her benefits should be reinstated retroactive to May 21, 2012, the date her benefits were modified to TPD status pursuant to an Impairment Rating Evaluation (IRE). Upon review, we affirm the Board's Order.

## Facts and Procedural History

   The relevant facts are undisputed and may be summarized as follows. On February 3, 2001, Claimant was injured in a motor vehicle accident during the course

and scope of her employment as a bicycle patrol police officer with the City of Philadelphia (Employer). On December 17, 2002, Employer issued an Amended Notice of Compensation Payable (NCP) in which Claimant's pelvic, cervical, lumbar and head injuries were acknowledged and it was noted that Claimant began to receive salary continuance benefits in lieu of workers' compensation. On December 1, 2004, the WCJ issued a Decision and Order in which she found that Claimant suffered emotional and urinary injuries in addition to the injuries identified in the NCP.

On May 21, 2012, Claimant underwent an IRE conducted by Michael Fischer, M.D., pursuant to former Section 306(a.2) of the Workers' Compensation Act (Act).[1] Dr. Fischer opined that Claimant had a total whole-person impairment rating of 5% (less than 50%). On July 3, 2012, Employer filed a petition for modification of benefits based upon Dr. Fischer's IRE. Thereafter, the parties stipulated to a modification of Claimant's benefit status from TTD to TPD effective May 21, 2012. By a Decision and Order circulated on October 24, 2012, the WCJ approved the Stipulation reducing Claimant's benefits to TPD status.

## WCJ Decision and Order

On July 31, 2019, Claimant filed a reinstatement petition seeking a return to TTD status effective July 31, 2019[2] based upon the Supreme Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) *(Protz I)*, *affirmed*, 161 A.3d 827 (Pa. 2017) (*Protz II*), holding that the IRE provisions contained in former Section 306(a) of the Act violated the non-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. §511.2, repealed by Section 1 of the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

[2] Contrary to the pending claim before this Court, Claimant initially requested reinstatement of TTD status effective July 31, 2019, the date the reinstatement petition was filed, and not May 21, 2012, the date of the IRE. *See* Claimant's Reinstatement Petition. (Reproduced Record (R..R.) at 5a.)

delegation doctrine of the Pennsylvania Constitution and striking former Section 306(a.2) in its entirety from the Act.

On February 2, 2021, the WCJ granted Claimant's reinstatement petition, reinstating Claimant's TTD status effective July 31, 2019, the date the reinstatement petition was filed, pursuant to *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*). (WCJ Decision and Order, 2/2/21, Conclusions of Law No. 2; R.R. at 20a.) Claimant then appealed to the Board, arguing that her reinstatement of benefits should have been effective as of the May 21, 2012 modification date.

## Board's Opinion

On appeal to the Board, Claimant's appeal was limited to only the issue of whether the WCJ correctly reinstated Claimant's TTD status effective July 31, 2019, the date she filed her reinstatement petition, or whether her TTD status should have been reinstated as of May 21, 2012, the date of the IRE and when her benefit status was initially changed from total to partial disability. The Board found no error and affirmed the WCJ Decision and Order. Claimant's petition for review in this Court followed.[3]

## Analysis

Claimant argues that her benefits should be reinstated as of May 21, 2012, the date of the original IRE modification because, when the Pennsylvania Supreme Court issued its decision in *Protz II* it severed all IRE provisions from the Act, declaring that the provisions were unconstitutional and, therefore, void from the moment of enactment. She contends that despite the Supreme Court's holding, the WCJ only

---

[3] Our scope of review in a workers' compensation appeal is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Pocono Mountain School District v. Kojeszewski (Workers' Comp. Appeal Board)*, 280 A.3d 12, 16 n.4 (Pa. Cmwlth. 2022).

reinstated Claimant to TTD benefit status as of the date she filed her reinstatement petition. Thus, she argues, the Board's opinion allows for an unconstitutional statute to continue to negatively impact her. She further contends that she had a substantive, vested property right to TTD benefits, established on the date of her work accident, which was entitled to constitutional protection under the Remedies Clause, article I, section 11, of the Pennsylvania Constitution (precluding retroactive legislative enactments altering vested rights).

Claimant's arguments as to why she should be reinstated as of the date of the IRE are not novel and have been previously rejected by this Court. In *Weidenhammer v. Workers' Compensation Appeal Board (Albright College)*, the Court rejected the claimant's void *ab initio* and new rule-of-law arguments, stating "it does not follow that the Pennsylvania Supreme Court intended its ruling in *Protz II* to be given a fully retroactive effect . . . ." 232 A.3d 986, 994 (Pa. Cmwlth. 2020). *See also George v. City of Philadelphia (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 23 C.D. 2022, filed Oct. 11, 2022), slip op. at 9-10; *Ellison v. SEPTA (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 1080 C.D. 2020, filed Aug. 20, 2021), slip op. at 9-10.[4] Claimant's vested rights argument under the Remedies Clause was rejected by the Court in *DiPaolo v. UPMC Magee Women's Hospital (Workers' Compensation Appeal Board)*, 278 A.3d 430, 435 (Pa. Cmwlth. 2022), *appeal denied* (Pa., No. 191 WAL 2022, filed Jan. 3, 2023), and *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth. 2021).

---

[4] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

In summary, the Court has repeatedly declined to give full retroactive effect to *Protz* in circumstances, such as this, where the claimant was not actively litigating the change in her disability status at the time *Protz* was decided. Consistent with this precedent, Claimant's disability status was properly reinstated to TTD as of the date she filed her reinstatement petition. Accordingly, we affirm the Board's Order.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nancy Mastrome,                :
          Petitioner       :
                            :
       v.               :    No.  1387 C.D. 2021
                            :
City of Philadelphia       :
(Workers' Compensation  :
Appeal Board)           :

## ***ORDER***

        AND NOW, this 11th day of July, 2023, the Order of the Workers' Compensation Appeal Board, dated November 16, 2021, is AFFIRMED.

                        _____
                        PATRICIA A. McCULLOUGH, Judge